UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  08-62081-CIV-COOKE/BANDSTRA

MARK NORYCH, *et al.*,

    *Plaintiffs*,

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    *Defendant*.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

This matter is before me on Plaintiffs' Motion for Remand [D.E. 3].  Plaintiffs argue that remand is proper because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, had proper jurisdiction over the matter.  Defendant argues that it has complied with the requirements of removal and that this Court has jurisdiction based upon diversity of the parties.  Further, Defendant argues that the right to remove a case to federal court is independent of whether a state court has exercised jurisdiction over the matter.

## BACKGROUND

Plaintiffs Mark Norych's and Jacob Linhart's ("Plaintiffs") former law firm, Norych & Tallis, L.L.P,  had a commercial crime insurance policy, covering employee dishonesty and other misconduct, through Defendant Travelers Casualty and Surety Company of America ("Defendant or Travelers").  Plaintiffs assert that in January 2007, during the time when the policy was in full force and effect, a loss occurred when an employee misappropriated funds.  Plaintiffs filed a claim with Defendant.  Defendant states that it denied the claim because the Plaintiffs "did not establish that: (a) [they] suffered a covered 'loss' under the Policy; (b) [they] suffered a loss of

'Covered Property;' (c) the Employee had the 'manifest intent' to cause the Firm to sustain a loss; and (d) the Employee had the manifest intent to obtain a financial benefit for herself." (Def.'s Resp. in Opp'n to Mot. to Remand at 3). On December 5, 2008, Plaintiffs filed suit in the Circuit Court of the Seventeenth Judicial Circuit. Defendant received service of process on December 6, 2008. On December 29, 2008 Defendant filed a notice of removal pursuant to 28 U.S.C. § 1441. The basis for removal was diversity jurisdiction, pursuant to 28 U.S.C. § 1332. On January 6, 2009 Plaintiffs filed a motion to remand.

Plaintiffs' complaint states that Plaintiff Mark Norych is a resident of Broward County, Florida and that Plaintiff Jacob Linhart is a resident of Palm Beach County, Florida. Plaintiffs' suit seeks damages in the amount of Five-Hundred Thousand Dollars. Defendant is a Connecticut corporation with its principle place of business in Connecticut.

## ANALYSIS

A federal district court has original jurisdiction, based upon diversity "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1441, " any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant's notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Defendant received service of process on December 6, 2008. Defendant filed a notice of removal on December 29, 2008, within the thirty day requirement.

It is well established that there must be complete diversity of citizenship between opposing litigants. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). Defendant is a Connecticut corporation with its principle place of business in Connecticut. Both Plaintiffs reside in the State of Florida. Complete diversity between both Plaintiffs and the Defendant exists. As stated above, the amount in controversy must exceed seventy-five thousand dollars before a federal court can exercise jurisdiction based on diversity. 28 U.S.C. § 1332(a)(1). The amount in controversy requirement in this case is easily satisfied since Plaintiffs are seeking damages in the amount of five hundred thousand dollars.

Plaintiffs argue that this case should be remanded because the Circuit Court of the Seventeenth Judicial Circuit had proper jurisdiction over the case. Plaintiffs have not cited a case supporting the proposition that removal is inappropriate when the state court exercises valid jurisdiction. I find that Plaintiffs' argument lacks merit. Congress has created an opportunity to remove an action from state court to federal court when the action could have originated in the federal court. 28 U.S.C. § 1441. "[W]here the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system." *Brandt v. Weather Channel*, Inc. 42 F. Supp. 2d 1344, 1345 (S.D. Fla. 1999). A federal court may assume jurisdiction if removal requirements are fulfilled regardless of whether a state court properly has jurisdiction. *Hollis v.*

*Fla. State Univ.*, 259 F.3d 1295, 1298 (11th Cir. 2001).   I find that this case is property before the Court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand [D.E. 3] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March 2009.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*